IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DELVIN JAMES WILSON,**

    Petitioner,

v.                                                                        Civil Action No. **3:19CV657**
                                                                       Civil Action No.  3:22cv803

**HAROLD W. CLARKE,**

    Respondent.

**MEMORANDUM OPINION**

Delvin James Wilson, a Virginia inmate proceeding *pro se*, submitted a 28 U.S.C. § 2254 petition challenging his convictions in the Circuit Court for the City of Hampton for aggravated malicious wounding, use of a firearm in a felony, and discharge of a firearm in an occupied dwelling. By Memorandum Opinion and Order entered on August 12, 2020, the Court denied Wilson's § 2254 Petition because all of his claims were procedurally defaulted. (ECF Nos. 22, 23.) On November 14, 2022, the Court received from Wilson a Motion To Reopen And Relief from Judgment Under Rule 60(b)(6) of the Federal Rules of Civil Procedure ("Rule 60(b) Motion," ECF No. 36.)

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held "that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion and an improper successive § 2255 motion or habeas petition:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (citations omitted).

In his Rule 60(b) Motion, Wilson continues to insist his guilty plea was not knowing and voluntary. Thus, his Rule 60(b) Motion must be construed as an unauthorized, successive 28 U.S.C. § 2254 petition. *Id.*; *see Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005) (construing a motion as a successive habeas corpus application if it seeks vindication of a claim for relief from the criminal judgment, regardless of the title on the motion). Accordingly, the Court must treat the Rule 60(b) Motion as a successive § 2254 petition.

The Clerk will be directed to assign a civil action number to the Rule 60(b) Motion (ECF No. 36). The Court has not received authorization from the Fourth Circuit to file a successive § 2254 petition. Therefore, the action will be DISMISSED for want of jurisdiction. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 22 December 2022
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

3